FILED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 OCT 24 P 2: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

DANIEL NATALE,

Plaintiff,

v.                                              Case No. 1:14cv1405-CMH-TRJ

EQUIFAX INFORMATION SERVICES, LLC

Serve:  Corporation Service Company, Reg. Agent
        Bank of America Center, 16th Floor
        1111 East Main Street
        Richmond, VA  23219

## COMPLAINT

The Plaintiff, DANIEL NATALE, (hereinafter, "Plaintiff"), by counsel, and for his Complaint against Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendant pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

4. The Plaintiff, DANIEL NATALE ("Mr. Natale"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

8. In the Spring of 2014, Mr. Natale obtained a copy his credit reports from Equifax, which reflected that Equifax was reporting inaccurate information within his credit file.

9. In particular, Equifax was reporting that Mr. Natale was $38,343 delinquent on a mortgage account with Citizen's Tri-Co Bank.

10. This information was false. Citizen's Tri-Co Bank had foreclosed on Mr. Natale's property and received most, if not all, of the entire balance of the loan.

11. On or around July 24, 2014, Mr. Natale mailed dispute letters to Equifax. In his letter, Mr. Natale explained that Equifax was inaccurately reporting the Citizen's Tri-Co Bank account in his credit file, which did not have a balance of $38,343 as a result of Citizen's Tri-Co Bank receiving most, if not all, of the balance from a foreclosure sale it conducted in March 2010. Mr. Natale further enclosed a copy of the Promissory Note he signed, as well as the Trustee's Deed from the foreclosure, which reflected that the property was sold for $40,000.00.

From these documents alone, Equifax was on notice that its credit reporting was severely inaccurate.

12. On or around August 22, 2014, Equifax forwarded its Investigation Results to Mr. Natale, which indicated that Equifax verified that the account belonged that the $38,343 balance was reporting correctly. Worse yet, Equifax's Investigation Results now indicated that Mr. Natale was past due in the amount of $54,417—which is inconsistent and even more inaccurate than its reporting of the $38,343 balance.

13. These reportings were false. There was little to no balance on this mortgage as reflected by Equifax's response to Mr. Natale's follow-up dispute letter.

14. Equifax received, but ignored the Plaintiff's first dispute and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file.

15. Equifax had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information. Moreover, Equifax is aware that a furnisher's failure to update its credit reporting after a foreclosure sale often leads to inaccurate reporting of balances and account statuses. Nevertheless, Equifax failed to conduct a meaningful investigation of the Plaintiff's dispute.

16. On numerous occasions, Equifax furnished the Plaintiff's consumer reports to multiple entities which contained the inaccurate derogatory information regarding the Citizen's Tri-Co Bank account.

## COUNT ONE:
### (Violation of 15 U.S.C. § 1681e(b))
### (EQUIFAX)

17. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

18. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

19. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to damage to his credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration.

20. Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

21. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
### (Violation of 15 U.S.C. § 1681i(a)(1))
### (EQUIFAX)

22. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

23. Defendant violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

24. As a result of this conduct, the Plaintiff suffered actual damages.

25. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

26. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT THREE:
### (Violation of 15 U.S.C. § 1681i(a)(2))
### (EQUIFAX)

27. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

28. Defendant violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letter.

29. As a result of this conduct, the Plaintiff suffered actual damages.

30. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

31. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOUR:
### (Violation of 15 U.S.C. § 1681i(a)(4))
### (EQUIFAX)

32. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendant violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

34. As a result of this conduct, the Plaintiff suffered actual damages.

35. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT FIVE:
### (Violation of 15 U.S.C. § 1681i(a)(5))
### (EQUIFAX)

37. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

38. Defendant violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

39. As a result of this conduct, the Plaintiff suffered actual damages.

40. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

41. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**DANIEL NATALE**

By _/s/_
Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7570 - Telephone
(703) 591-0167 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for Mr. Natale*